IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.    24-cr-00082-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  NATHAN JAMES MEEK

      Defendant.

---

## INDICTMENT

---

The Grand Jury charges:

### **COUNT 1**

On or about January 18, 2024, in the State and District of Colorado, the defendant, NATHAN JAMES MEEK, did knowingly and intentionally possess with intent to distribute 40 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanaminde (fentanyl), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(vi).

### **COUNT 2**

On or about January 18, 2024, in the State and District of Colorado, the defendant, NATHAN JAMES MEEK, did knowingly and intentionally possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

## COUNT 3

On or about January 18, 2024, in the State and District of Colorado, the defendant, NATHAN JAMES MEEK, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT 4

On or about January 18, 2024, in the State and District of Colorado, the defendant, NATHAN JAMES MEEK, did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT 5

On or about January 18, 2024, in the State and District of Colorado, the defendant, NATHAN JAMES MEEK, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 6

On or about January 18, 2024, in the State and District of Colorado, the defendant, NATHAN JAMES MEEK, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance, as charged in Counts 1 through 4 of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

### Forfeiture Allegation

1.      The allegations contained in Counts 1 through 6 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the violation(s) alleged in Counts 5 and 6 of the Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm and ammunition involved in the commission of the offense, including but not limited to the following:

(1) the Ruger, P-series, semiautomatic .380 caliber handgun, with serial number 371913012,

(2) the Walther, PDP Compact, 9mm semi-automatic handgun, with serial number FDI7853,

(3) the New England Firearms US, 12 gauge shotgun, with serial number NY533198,

(4) the Rossi, Amadeo & Co BZ/Overland .410 gauge shotgun, with serial number 154287, and

(5) all recovered ammunition.

3.      Upon conviction of the violation(s) alleged in Counts 1-4 of the Indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all of the defendant's right, title, and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of such offense, and in all property used, or intended to be used, in any manner or part, to commit, or to facilitate, the commission of such offense.

4.      If any of the property described in paragraphs 2 and 3 above, as a result of any act

or omission of the defendant:

     a)     cannot be located upon the exercise of due diligence;
     b)     has been transferred or sold to, or deposited with, a third party;
     c)     has been placed beyond the jurisdiction of the Court;
     d)     has been substantially diminished in value; or
     e)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other

property of said defendant up to the value of the forfeitable property.

A TRUE BILL:


<u>Ink Signature on File in Clerk's Office</u>
FOREPERSON


COLE FINEGAN
United States Attorney


<u>s/ Daniel R. McIntyre</u>
DANIEL R. MCINTYRE
Assistant United States Attorney
United States Attorney's Office
1801 California St., Suite 1600
Denver, Colorado   80202
Telephone:   (303) 454-0100
Fax:   (303) 454-0406
E-mail:   daniel.mcintyre@usdoj.gov